**UNITED STATES of America**

v.

**Christopher FOSTER, Appellant**

No. 01–4408.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 18, 2002.

Filed Sept. 25, 2002.

Before BECKER, SCIRICA & McKEE, Circuit Judges.

### OPINION OF THE COURT

PER CURIAM.

Christopher Foster appeals his conviction for illegal re-entry into the United States by a deported aggravated felon in violation of 8 U.S.C. § 1326(a) and (b)(2). Foster initially pled guilty to that crime, but appeals attacking the adequacy of the plea colloquy. Foster contends that the district court erred when it accepted his guilty plea without specifically informing him of his right to persist in a plea of not guilty. For the reasons that follow, we will affirm.

I.

On February 14, 2001, Christopher Foster, also known as Paul Robinson, was

charged with one count of illegal reentry into the United States by an aggravated felon, in violation of 8 U.S.C. § 1326(a) and (b)(2). At his initial appearance on February 27, 2001, he pled not guilty. On May 23, 2001, he appeared before the United States District Court for the Middle District of Pennsylvania, and pled guilty pursuant to a plea agreement.[1]

Pursuant to Fed.R.Crim.P. 11, the district court thereafter conducted colloquy to determine if the defendant's plea was a knowing, voluntary and intelligent waiver of his right to plead not guilty and go to trial. During the colloquy, the district court personally addressed the defendant and thoroughly explained the defendant's right to a jury trial. The court also fully explained that *if* the defendant entered a guilty plea, he *would* give up all of his rights to a trial. When asked by the court if he understood the rights he would be waiving and if he still wanted to give up all of those rights and enter a guilty plea, the defendant responded, "Yes, Your Honor."

The court found that the defendant had reviewed the plea agreement with his attorney, fully understood the agreement, and had signed the agreement voluntarily without coercion or threats. The court also reviewed the sentencing procedures with the defendant and established that there was a factual basis for the plea. After its thorough discussion with the defendant, the court asked the defendant, "Mr. Foster, is it still your desire to enter a guilty plea at this time?" (App. at 48.). The defendant responded, "Yes, Your Honor." The court then gave the defendant an opportunity to confer with his attorney to address any remaining questions. After conferring with his attorney,

the court asked, "Do you want to go forward with entering the guilty plea?" To which the defendant responded,"Yes, Your Honor." *Id.*

Accordingly, the court accepted the defendant's guilty plea on Count one, and he was subsequently sentenced to 71 months imprisonment, followed by 3 years supervised release, and the court also imposed a $500 fine, and a special assessment.

## II.

■ The defendant is presently challenging the adequacy of the guilty plea colloquy because the district court failed to specifically ask if he knew of his right to persist in a plea of not guilty. However, since he did not object to the guilty plea colloquy before the district court, we review the defendant's judgment of conviction and sentence solely for plain error. *See United States v. Knobloch,* 131 F.3d 366, 370 (3d Cir.1997).

In order for us to find plain error, we "must find (1) an error (2) that is plain and (3) that affects substantial rights." *Id.* Even if all three of these prerequisites were met, we could correct an error to which no objection was made "only if (4) the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quoting *Johnson v. United States,* 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) and *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).

The defendant bears the burden of establishing that the error in fact prejudiced him, *id.,* and he must overcome a strong presumption that his plea was voluntary.

---

1. In exchange for the defendant's plea and cooperation with respect to the government's drug investigation, the United States agreed to recommend that he receive credit for ac-ceptance of responsibility when he is sentenced on the immigration charge, and dismissed drug charges that were pending against him. (App.39.)

*See United States v. Johnson,* 22 F.3d 674, 681 (6th Cir.1994).

The defendant's argument rests upon a claim that the district court erred in not specifically asking if he understood that he could plead not guilty.

■ Although the district court did not specifically ask the defendant that question, our review of the record demonstrates that the court's thorough explanation of the rights that *would* be waived *if* the defendant chose to plead guilty adequately informed the defendant that he had a choice in the matter. Throughout the colloquy, as the court explained the rights waived by entering a guilty plea, the court paused to ask the defendant, "Is it still your desire to give up all of those rights and enter a guilty plea?" And each time the defendant responded, "Yes. Your Honor." The record does not reflect that defendant showed any reluctance in answering the district court's questions about waiving his rights and pleading guilty.

Furthermore, nothing on this record suggests that the defendant was confused about whether he could continue with his not-guilty plea. He clearly had sufficient opportunity to address the court and confer with his attorney. Yet, he never sought any clarification of his options. He did not address the court, nor does it appear that he asked his attorney to clarify.

In sum, we hold that the district court's omission of one specific question in the plea colloquy clearly did not constitute plain error.

### IV.

Accordingly, for all the reasons set forth herein, we will affirm the conviction and judgment of sentence.